UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESCO INSURANCE COMPANY<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLA SCHWARTZ, PC,<br>IRWIN B. SCHWARTZ , and<br>ATLANTECH INCORPORATED<br><br>　　　　Defendants. | CIVIL ACTION NO. 14-13442 |

## COMPLAINT FOR DECLARATORY RELIEF

### INTRODUCTION

　　　1.　　By way of this action, Plaintiff Wesco Insurance Company ("Wesco") seeks a declaration, pursuant to 28 U.S.C. § 2201, that Defendants BLA Schwartz, PC and Irwin B. Schwartz (collectively, "Attorney Schwartz") are not entitled to insurance coverage for the legal malpractice claim asserted by Defendant Atlantech Incorporated ("Atlantech") because, prior to the inception of first policy period, Attorney Schwartz could have reasonably foreseen that his acts or omissions might be the basis of a claim by Atlantech.  Additionally, Wesco seeks a declaration that the professional liability policy issued to Attorney Schwartz for the period of December 26, 2013 through December 26, 2014, Policy No. WPP1065535-01, is void *ab initio* and should be rescinded because Attorney Schwartz made material misrepresentations in failing to disclose facts and circumstances known to him that are the basis of Atlantech's legal malpractice claim, despite being obligated to do so by the express terms of Wesco's renewal application.

## PARTIES

2. The Plaintiff, Wesco Insurance Company, is an insurance company incorporated, organized and existing under the laws the State of Delaware, with its principal place of business in New York City, New York.

3. The Defendant, BLA Schwartz, PC, is a Massachusetts law firm, with a principal place of business in Westwood, Massachusetts.

4. The Defendant, Irwin B. Schwartz, is a Massachusetts attorney, a partner at BLA Schwartz, PC, and resides in Dover, Massachusetts.

5. The Defendant, Atlantech Incorporated, is a corporation incorporated, organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Brookline, Massachusetts. Atlantech is an interested party in the coverage dispute between Wesco and Attorney Schwartz.

## JURISDICTION

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000). The parties to this Complaint are and have at all relevant times been citizens of different states, Plaintiff being a citizen of Delaware and New York; and Defendants being citizens of Massachusetts.

7. This Court has personal jurisdiction over this matter as all Defendants are citizens of Massachusetts, all Defendants have maintained continuous and systematic contact with Massachusetts, and both the present coverage action and the underlying case arise out of the Defendants' contacts with Massachusetts.

34439472v1 2676

8.  An actual controversy exists between Plaintiff and Defendants as to the rights and responsibilities of the parties under a contract of insurance, and thus, this Court may declare the rights and legal obligations of the parties pursuant to 28 U.S.C. § 2201.

## VENUE

9.  Venue is appropriate in the District of Massachusetts under 28 U.S.C. § 1391 because the Defendants reside in this judicial district and/or a substantial part of the events or omissions giving rise to this Complaint occurred within this judicial district.

## STATEMENT OF FACTS

### The Underlying Case

10. Attorney Schwartz served as counsel for Atlantech in a matter captioned <u>Atlantech Incorporated vs. American Panel Corporation et al.</u>, United States District Court of Massachusetts, Civil Action No.: 07-10342-DPW.  In that action, Atlantech filed claims against American Panel Corporation, APC Acquisition Corporation, Inc., and Universal Avionics Systems Corporation (collectively, the "APC Defendants") sounding in breach of warranty, breach of contract, negligent misrepresentation, and intentional interference with contractual relations.

11. On or about June 22, 2011, after more than four (4) years of litigation, a jury returned a verdict in favor of Atlantech against the APC Defendants on certain claims for a total award of $1,096,466.

12.  On July 8, 2011, the parties filed a joint status report on the issues remaining to be resolved post-trial.  Therein, Attorney Schwartz claimed, *inter alia*, that Atlantech was entitled to prejudgment interest on the jury award.  The APC Defendants responded that Atlantech was not entitled to prejudgment interest because, among other reasons, "Atlantech did

not request from the jury, the fact finder of the damages amount, prejudgment interest," which Atlantech was required to do under Georgia law (the controlling law of the case).

13. On May 23, 2012, June 22, 2012, and July 13, 2012, the APC Defendants filed comprehensive post-trial memoranda of law setting forth that Atlantech was not entitled to prejudgment interest because, under well-settled Georgia law, prejudgment interest on unliquidated damages is a matter of discretion left to the finder of fact, and by failing to request that the issue of prejudgment interest be submitted to the jury, Atlantech waived any right to recover prejudgment interest.

14. On November 14, 2012, the Honorable Douglas P. Woodlock conducted a hearing on the various post-trial motions that were before the Court, including the issue of Atlantech's claim for prejudgment interest. During that hearing, Judge Woodlock stated, with respect to the issue of prejudgment interest, as follows:

> [Y]ou either put it to the jury or it is not there. Now, here I think I am looking at a waiver. I do not see any other way to deal with it. Nobody asked me to do it. I am, again, alluding to civil rights experiences but other kinds of cases where pre-judgment interest is a jury matter. If a party does not ask for it, they do not get it. I do it with the special questions here. So I do not know why I should not follow that here.

15. At the conclusion of the hearing, Attorney Schwartz requested a jury trial on the issue of prejudgment interest if the Court was inclined to find a waiver. Judge Woodlock responded that Attorney Schwartz was required to make that request promptly when the jury was still impaneled, which Attorney Schwartz failed to do.

16. On March 16, 2013, Judge Woodlock issued a Memorandum and Order regarding, among other things, Atlantech's claim for prejudgment interest. Therein, Judge

Woodlock found that Atlantech waived its right to obtain prejudgment interest by failing to include a request for prejudgment interest to be presented to the jury:

> I agree with Defendants that Atlantech has waived any entitlement to prejudgment interest. The parties engaged in extensive colloquy with me about the factual disputes to be resolved by the jury, which included the question of damages for breach of the 2006 Purchase Order and the NCA. The jury was charged generally with determining damages attributable to breach of those agreements. The issue of prejudgment interest was never raised by the parties. [...] Neither case [cited by Atlantech] provides an excuse for Atlantech's failure to request that the issue of prejudgment interest be submitted to the jury when the jury was charged generally with determining damages on its state law breach of contract claims.

17. Judge Woodlock granted the APC Defendants' Motion for Directed Verdict or, in the alternative, Judgment Notwithstanding the Verdict, finding that they were entitled "to judgment as a matter of law that Atlantech is not entitled to prejudgment interest."

18. On February 20, 2014, Judge Woodlock's decision was affirmed by the First Circuit Court of Appeals in Atlantech Inc. v. Am. Panel Corp., 743 F.3d 287 (1st Cir. 2014), wherein the First Circuit specifically ruled that "[u]nder these circumstances there is no legitimate reason for Atlantech's failure to even mention the issue of pre-judgment interest at that time, and thus the District Court did not error in holding that Atlantech had waived the issue."

### The Claim by Atlantech against BLA Schwartz and Attorney Schwartz

19. On June 18, 2014, Atlantech brought a claim against Attorney Schwartz for malpractice by way of a Demand for Arbitration. The nature of the dispute, which is claimed to be in the amount of $900,000, is described by Atlantech as follows:

> Claimant seeks damages for legal malpractice as a result of Respondents' failure to request pre-judgment interest prior to submission of claim to the jury, thus causing the United States District Court and the First Circuit to rule that Claimant waived

5

its claim for interest. Claimant also seeks disgorgement of a portion of the legal fees paid to Respondents, who grossly over-billed Claimant over the course of the case.

**The Wesco Lawyers Professional Liability Policy**

20. On December 12, 2012, *after* the APC Defendants had extensively briefed and argued that Atlantech was not entitled to prejudgment interest due to Attorney Schwartz's failure to present the issue to the jury and *after* Judge Woodlock's hearing on this precise issue (including his comments that he was considering finding a waiver), Attorney Schwartz applied for the first time to Wesco for a Lawyers Professional Liability Policy.

21. In the December 12, 2012 application for insurance, Attorney Schwartz represented that he was not aware of any incident, facts, circumstances, acts or omissions that may result in a claim against him:

> Is any member of the firm aware of any incident, facts, circumstances, acts or omissions that might result in a professional liability claim against the firm or predecessor firm or against any current or former attorney of the firm while affiliated with the firm or predecessor firm? **If yes, a complete claim supplement form must be provided for each incident:**
>
> __ Yes      _x_ No.

22. On January 2, 2013, in reliance on the representations contained in the insurance application, Wesco issued Attorney Schwartz a Lawyers Professional Liability Policy, Policy No. WPP1065535-00, which was operative from December 26, 2012 to December 26, 2013 (the "Policy").

23. The Policy is a "claims made and reported" policy and, as such, it only covers those claims for "damages" that are "first made against the **Insured** and reported to the **Company** during the **policy period** or any Extended Reporting Period arising out of an act or

6

omission in the performance of **legal services** by the **Insured** or by any person for whom the **Insured** is legally liable [...]."

24. The insuring agreement provides that the Policy will only provide coverage to Attorney Schwartz if:

> 1. prior to the inception date of the **policy period** the **Insured** did not give notice under any other insurance policy of such **claim** or **related claim** of such act or omission or **related act or omission**; and
>
> 2. prior to the inception date of the first policy, or if this policy has been continuously renewed, prior to the inception date of the first policy issued by the **Company**, no **Insured** knew [or] could reasonably have foreseen that any such act or omission, or **related act or omission**, might be expected to be the basis of a **claim**.

25. By definition in the Policy, the "damages" that are covered under the Policy expressly do not include the following: "legal fees, costs and expenses paid to or incurred or charged by the **Insured** whether or not claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing [...]."

26. "Legal services" are defined, in relevant part, as "those services performed by an Insured for others as a lawyer, […] but only if such services are performed for a fee that inures to the benefit of the **Named Insured** [...]."

27. A "claim" is defined under the policy as follows: "[A] written or verbal demand received by the **Insured** for money or services arising out of an act or omission, including **personal injury,** in rendering or failing to render **legal services**."

7

34439472v1 2676

28. The Policy contains the following notice provision:

   A. Notice of **Claims** and P**otential Claims.**

      1. The **Insured**, as a condition precedent to the obligations of the **Company** under this policy shall give written notice to the **Company** during the **policy period**:

         a. of any **claim** made against the **Insured** during the **policy period**;

         b. of the **Insured's** receipt of any notice, advice or threat, whether written or verbal that any person or organization intends to make a **claim** against the **Insured**;

         c. Any act or omission that may reasonably be expected to be the basis of a **claim** against the **Insured**.

29. The Policy contains the following language indicating that Wesco is relying upon information contained in the application when issuing the policy:

   By acceptance of this policy the **Insured** agrees:

      1. The information and statements provided to the **Company** by the **Insured** are true, accurate and complete and shall be deemed to constitute material representations made by all of the **Insureds**;

      2. The policy is issued in reliance upon the **Insured's** representations;

      3. This policy, endorsements thereto, together with the completed and signed application and any and all supplementary information and statements provided by the **Insured** to the **Company** (all of which are deemed to be incorporated herein) embody all of the agreements existing between the **Insured** and the **Company** and shall constitute the entire contract between the **Insured** and the **Company** and

      4. The misrepresentation of any material matter by the **Insured** or the **Insured's** authorized agent/broker which is known by the **Company** would have led

>to the refusal by the **Company** to make this contract or provide coverage for a **claim** hereunder, will render this policy null and void and relieve the **Company** from all liability herein.

## The Renewal Application

30. On October 11, 2013, nearly seven months *after* Judge Woodlock issued the decision holding Atlantech's failure to present the issue of prejudgment interest to the jury (through Attorney Schwartz) precluded Atlantech from obtaining prejudgment interest, Attorney Schwartz applied to renew his Policy with Wesco.

31. In the October 11, 2013 renewal application, Attorney Schwartz represented that he was not aware of any incident, facts, circumstances, acts or omissions that may result in a claim against him:

>Is any member of the firm aware of any incident, facts, circumstances, acts or omissions that might result in a professional liability claim against the firm or predecessor firm or against any current or former attorney of the firm while affiliated with the firm or predecessor firm? **If yes, a complete claim supplement form must be provided for each incident:**
>
>__ Yes          _x_ No

32. On January 6, 2014, Attorney Schwartz submitted a second renewal application. Again, Attorney Schwartz reaffirmed that he was not aware of any incident, facts, circumstances, acts or omissions that may result in a claim against him:

>In the last twelve months, has any firm member become aware of any incident, fact, circumstance, act or omission that might result in a professional liability claim against the firm? **NOTE: you should report any incidents, facts, circumstances, acts or omissions that might reasonably be expected to result in a claim [to] the Company within the policy period in order to preserve coverage under your policy.**
>
>__ Yes          _x_ No

34439472v1 2676

33. On January 9, 2014, in reliance on the representations contained in the insurance renewal applications, Wesco renewed Attorney Schwartz's Lawyers Professional Liability Policy, Policy Number WPP1065535-01, which was operative from December 26, 2013 to December 26, 2014. The renewed policy was the exact same form, and contained identical provisions, conditions and exclusions, as the prior year's policy.

## The Coverage Dispute

34. On or about March 4, 2014, Attorney Schwartz notified Wesco of a potential claim against him by Atlantech arising out of: (1) Attorney Schwartz's failure to preserve Atlantech's ability to seek prejudgment interest; and (2) Atlantech's claim for disgorgement of legal fees based on Attorney Schwartz's alleged over-billing. Attorney Schwartz seeks coverage under Policy No. WPP1065535-01, which is operative from December 26, 2013 to December 26, 2014.

35. Wesco has reserved all of its rights, remedies, and defenses under the Policy, at law and in equity, with respect to Attorney Schwartz's reported claim.

36. Wesco asserts that Attorney Schwartz is not entitled to insurance coverage—and, thus, Wesco does not have a duty to defend or indemnify Attorney Schwartz's for Atlantech's claim—based on the terms, conditions and exclusions of the Policy.

37. Wesco further asserts that the professional liability policy issued to Attorney Schwartz for the period of December 26, 2013 through December 26, 2014, Policy No. WPP1065535-01, is void *ab initio* and should be rescinded because Attorney Schwartz made material misrepresentations and failed to disclose facts and circumstances known to him that are the basis of Atlantech's legal malpractice claim, despite being obligated to do so by the express terms of Wesco's renewal application.

38. Nonetheless, Wesco is presently paying for Attorney Schwartz's defense of the fee reimbursement claim and the claim that he waived Atlantech's right to recover prejudgment interest, subject to a reservation of rights.

## COUNT I

### (DECLARATORY JUDGMENT: PRIOR KNOWLEDGE)

39. The allegations set forth in paragraphs 1 through 38 above are re-alleged and incorporated as if fully set forth herein.

40. The insuring agreement of the Policy provides that Attorney Schwartz is only entitled to coverage from Wesco if "prior to the inception date of the first policy issued by the **Company**, no **Insured** knew [or] could reasonably have foreseen that any such act or omission, or **related act or omission**, might be expected to be the basis of a **claim**."

41. Prior to the inception date of the first policy Wesco issued to Attorney Schwartz (Policy No. WPP1065535-00, which was operative from December 26, 2012 to December 26, 2013), Attorney Schwartz knew or could have reasonably foreseen that his acts and/or omissions in connection with the Atlantech litigation might be expected to be the basis of a claim against him because, among other reasons, prior to the inception of the first policy, the APC Defendants had extensively briefed and argued that Atlantech was not entitled to prejudgment interest due to Attorney Schwartz's failure to present the issue to the jury and Judge Woodlock held a hearing on this issue wherein he stated that Attorney Schwartz's conduct may have amounted to a waiver of Atlantech's entitlement to prejudgment interest.

42. Notwithstanding Attorney Schwartz's actual knowledge that his acts and/or omissions may be the basis of a claim against him by Atlantech, Attorney Schwartz failed to disclose this information to Wesco when he applied for the Policy on December 12, 2012.

11

Instead, Attorney Schwartz misrepresented that he was not aware of any incident, facts, circumstances, acts or omissions that may result in a claim against him, which Wesco relied upon when it agreed to issue the Policy to Attorney Schwartz.

43. As Attorney Schwartz could have reasonably foreseen that his acts and/or omission in connection with the Atlantech litigation might be expected to be the basis of a claim against him prior to the inception of the first policy period, Attorney Schwartz is not entitled to coverage for any claim asserted against him by Atlantech under the terms of the 2013-2014 Policy.

44. Wesco does not have a duty to defend or indemnify Attorney Schwartz for any claim asserted against him by Atlantech.

## COUNT II

### (DECLARATORY JUDGMENT: DISGORGEMENT OF ATTORNEY'S FEES)

45. The allegations set forth in paragraphs 1 through 44 above are re-alleged and incorporated as if fully set forth herein.

45. The Policy provides that there is no coverage for claims seeking: "legal fees, costs and expenses paid to or incurred or charged by the **Insured** whether or not claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing [...]."

46. The Policy only provides coverage for claims arising out of the performance of legal services and the claim for disgorgement does not arise out of legal services provided by Attorney Schwartz and is not covered by the Policy.

47. Claims by a client for the return of monies paid to an insured and which are allegedly retained by the insured improperly or wrongfully are not claims for damages and are

not covered as a matter of common law. Therefore, the claims of Atlantech for the return of fees paid to Attorney Schwartz are not covered.

48. Attorney Schwartz is thus not entitled to coverage for Atlantech's claim for disgorgement of legal fees based on the allegation that Attorney Schwartz over-billed Atlantech over the course of the underlying case.

49. Attorney Schwartz is not entitled to coverage for any claim asserted against him by Atlantech seeking disgorgement of legal fees.

50. Wesco does not have a duty to defend or indemnify Attorney Schwartz for any claim by Atlantech seeking disgorgement of legal fees.

## COUNT III

### (DECLARATORY JUDGMENT: RESCISSION OF POLICY NO. WPP1065535-01 )

51. The allegations set forth in paragraphs 1 through 50 above are re-alleged and incorporated as if fully set forth herein.

52. In the October 11, 2013 renewal application, Attorney Schwartz represented that he was not aware of any incident, facts, circumstances, acts or omissions that may result in malpractice claim against him.

53. In the January 6, 2014 renewal application, Attorney Schwartz reaffirmed that he was not aware of any incident, facts, circumstances, acts or omissions that may result in claim against him.

54. In reliance on the representations contained in the insurance renewal applications, Wesco renewed Attorney Schwartz a Lawyers Professional Liability Policy, Policy No. WPP1065535-01, which is operative from December 26, 2013 to December 26, 2014.

34439472v1 2676

55. On or about March 4, 2014, Attorney Schwartz notified Wesco for the first time of a potential claim against him by Atlantech, and Attorney Schwartz seeks coverage under Policy No. WPP1065535-01.

56. Contrary to the representations contained in the October 11, 2013 and January 6, 2014 renewal applications, Attorney Schwartz was clearly aware of an incident, facts, circumstances, acts or omissions that may result in claim against him, including, but not limited to, Attorney Schwartz's knowledge that, on March 16, 2013, Judge Woodlock issued a decision holding Attorney Schwartz's failure to present the issue of prejudgment interest to the jury precluded Atlantech from obtaining prejudgment interest.

57. When Wesco agreed to renew Attorney Schwartz's Policy, Wesco had no notice or knowledge of any facts or circumstances regarding Attorney Schwartz's mishandling of Atlantech's underlying case.

58. Attorney Schwartz's misrepresentations in his insurance renewal applications were material to both the hazard assumed by Wesco as well as Wesco's acceptance of risk in agreeing to renew and insure Attorney Schwartz under Policy No. WPP1065535-01.

59. Through this Complaint, Wesco seeks a judgment that Attorney Schwartz's material misrepresentations in his renewal application for Policy No. WPP1065535-01 renders that Policy void *ab initio* as to all insureds, pursuant to Massachusetts General Laws c. 175, §186 and the common law.  Upon entry of such a judgment, Wesco will refund Attorney Schwartz's premium.

34439472v1 2676

**PRAYERS FOR RELIEF**

WHEREFORE, Wesco respectfully requests that this Court adjudicate and declare the rights of the parties, and that this Court:

(a) Find that Wesco has no duty to defend or indemnify Attorney Schwartz as to any claims asserted in the arbitration;

(b) Find that Wesco Policy No. WPP1065535-01 is void *ab initio* and rescinded; and

(c) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

WESCO INSURANCE COMPANY

By Its Attorneys,

*/s/ David A. Grossbaum*
David A. Grossbaum, BBO #655641
  dgrossbaum@hinshawlaw.com
Matthew R. Watson, BBO #678535
  mwatson@hinshawlaw.com
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (Facsimile)

Dated:     August 22, 2014

34439472v1 2676