**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WESCO INSURANCE COMPANY )<br>)<br>)<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BLA SCHWARTZ, PC, IRWIN B. )<br>SCHWARTZ and ATLANTECH )<br>INCORPORATED )<br>)<br>Defendants )<br>) | Civil Action No.14-13442-DPW |

**ANSWER AND CROSSCLAIMS OF ATLANTECH INCORPORATED**

Atlantech Incorporated ("Atlantech"), for its answer to the Complaint of Wesco Incorporated ("Wesco"), responds as follows:

1.  States that paragraph 1 of the Complaint is a description of the claims asserted and not an allegation to which a response is required.

2.  Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 2.

3.  Admits the allegations of paragraph 3.

4.  Admits the allegations of paragraph 4.

5.  Admits the allegations of paragraph 5.

6.  States that paragraph 6 is a jurisdictional statement and requires no responsive pleading; further answering, lacks knowledge or information sufficient to admit or deny the citizenship of Plaintiff Wesco.

1

7. States that paragraph 7 is a jurisdictional statement and requires no responsive pleading.

8. Lacks knowledge or information sufficient to admit or deny whether a dispute exists between Wesco and co-defendants BLA Schwartz P.C. and Irwin B. Schwartz (collectively, the "Schwartz Defendants").

9. States the paragraph 9 is a statement of venue and requires no responsive pleading.

10. Admits the allegations of paragraph 10.

11. Admits the allegations of paragraph 11.

12. For its response to paragraph 12, refers to the referenced joint status report for its contents.

13. For its response to paragraph 13, refers to the referenced post-trial memoranda for their contents.

14. For its response to paragraph 14, refers to the transcript of the referenced November 14, 2012 hearing for its contents.

15. For its response to paragraph 15, refers to the transcript of the referenced November 14, 2012 hearing for its contents.

16. For its response to paragraph 16, refers to the referenced March 16, 2013 decision of Judge Woodlock for its contents.

17. For its response to paragraph 17, refers to the March 16, 2013 decision of Judge Woodlock for its contents.

18. For its response to paragraph 18, refers to the referenced decision of the First Circuit for its contents.

19. Admits the allegations of paragraph 19.

20. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 20.

21. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 21.

22. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 22.

23. For its response to paragraph 23, refers to the referenced professional liability policy for its contents.

24. For its response to paragraph 24, refers to the referenced professional liability policy for its contents.

25. For its response to paragraph 25, refers to the referenced professional liability policy for its contents.

26. For its response to paragraph 26, refers to the referenced professional liability policy for its contents.

27. For its response to paragraph 27, refers to the referenced professional liability policy for its contents.

28. For its response to paragraph 28, refers to the referenced professional liability policy for its contents.

29. For its response to paragraph 29, refers to the referenced professional liability policy for its contents.

30. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 30.

31. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 31.

32. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 32.

33. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 33.

34. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 34.

35. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 35.

36. Paragraph 36 is a legal conclusion and statement of Wesco's assertions in this matter to which no response is required.

37. Paragraph 37 is a legal conclusion and statement of Wesco's assertions in this matter to which no response is required

38. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 38.

39. For its response to paragraph 39, repeats the responses to the allegations of paragraph 1 through 38 as though fully set forth herein.

40. For its response to paragraph 40, refers to the referenced professional liability policy for its contents.

41. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 41.

42. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 42.

43. States that paragraph 43 is a statement of Wesco's legal theory and requires no responsive pleading; further answering, denies the allegation that the Schwartz Defendants are not entitled to coverage.

44. Denies the allegations of paragraph 44.

45. For its response to paragraph 45, repeats the responses to the allegations of paragraph 1 through 44 as though fully set forth herein.

45 [sic]. For its response to the second paragraph 45, refers to the referenced professional liability policy for its contents.

46. For its response to paragraph 46, refers to the referenced professional liability policy for its contents.

47. For its response to paragraph 47, refers to the referenced professional liability policy for its contents.

48. For its response to paragraph 48, refers to the referenced professional liability policy for its contents.

49. For its response to paragraph 49, refers to the reference professional liability policy for its contents.

50. Denies the allegations of paragraph 50.

51. For its response to paragraph 51, repeats the responses to the allegations of paragraph 1 through 50 as though fully set forth herein.

52. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 52.

53. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 53.

54. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 54.

55. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 55.

56. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 56.

57. Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 57 as to what Wesco knew but states that BLA and Schwartz mishandled Atlantech's case, thus triggering coverage under the professional liability policy issued by Wesco.

58. Paragraph 58 states a legal conclusion as to which no response is required.

59. States that paragraph 59 is a statement of Wesco's intent in respect to this action and requires no responsive pleading.

## AFFIRMATIVE DEFENSES

Atlantech incorporates by reference all affirmative defenses available and asserted by the Schwartz Defendants in response to Wesco's complaint.

## CROSSCLAIMS AGAINST BLA SCHWARTZ AND IRWIN B. SCHWARTZ

### COUNT I
### *CONTRACTUAL INDEMNIFICATION*

1. Plaintiff-in-Crossclaim Atlantech Incorporated ("Atlantech") is a corporation existing under the laws of the Commonwealth of Massachusetts.

2. Defendant-in-Crossclaim BLA Schwartz, P.C. ("BLA") is a Massachusetts law firm with a principal place of business in Westwood, MA.

3. Defendant-in-Crossclaim Irwin B. Schwartz ("Schwartz") is an attorney and managing partner of BLA who resides in Dover, MA.

4. As set forth in the complaint in this action filed by Wesco, Atlantech, in accordance with the requirements of a legal services agreement between it and BLA, filed a demand for arbitration against the BLA and Schwartz for: (i) malpractice as a result of the failure of BLA and Schwartz, in a matter captioned <u>Atlantech Incorporated v. American Panel Corporation</u>, United States District Court of Massachusetts, Civil Action NO. 07-10342-DPW), to request a jury instruction on prejudgment interest under Georgia law, which failure caused the trial judge, the Honorable Douglas P. Woodlock, and the First Circuit, on appeal, to find that Atlantech's claim for such interest was waived; and (ii) unreasonable and excessive billing.

5. The legal services agreement between BLA and Atlantech provides that, in the event any dispute between the parties proceeds to arbitration, the prevailing party will be entitled to recover, as part of its award, the reasonable attorneys' fees and costs incurred in the arbitration.

6.    As a result of the filing of the arbitration, Wesco filed the instant declaratory judgment action and included Atlantech as a defendant, thereby forcing Atlantech to incur legal fees and other defense costs that it would not otherwise have incurred.

7.    In the declaratory judgment complaint, Wesco alleges that BLA and Schwartz were negligent and breached their reporting obligations under the professional liability policy issued by Wesco to BLA.  In particular, Wesco alleges that BLA and Schwartz were required to notify the carrier of the potential malpractice as of 2012, when Judge Woodlock opined orally that failure to request a jury instruction on prejudgment interest under Georgia law resulted in Atlantech's waiver of the claim for such interest, and in 2013, when Judge Woodlock issued a written opinion and found a waiver of the claim for prejudgment interest.

8.    The alleged failure of BLA and Schwartz to notify Wesco in 2012 and 2013 of the potential malpractice claim resulted Wesco filing the declaratory judgment action shortly after Atlantech filed its demand for arbitration.

9.    Atlantech is not responsible for the alleged failure of BLA and Schwartz to notify Wesco of the potential malpractice claim in accordance with the requirements of the professional liability policy issued by Wesco.

10.   As a result of the following, should Atlantech prevail in the arbitration, it is entitled, under the terms of the legal services agreement, to recover from BLA all of the attorneys' fees and costs it incurs defending this related declaratory judgment action, which would have been avoided but for the negligence of, and breaches by, the Defendants-in-Crossclaim as alleged by Wesco in its declaratory judgment complaint.

**COUNT II**
**COMMON LAW INDEMNIFICATION**

11. Atlantech repeats and realleges paragraphs 1 through 10 of the Crossclaim as though fully set forth herein.

12. Atlantech further incorporates by reference the allegations of the declaratory judgment complaint filed by Wesco in this action.

13. Regardless of the outcome of the arbitration, Defendants-in-Crossclaim, BLA and Schwartz, have a common law duty to indemnify and hold Atlantech harmless from any and all damages, claims, liabilities, costs, and expenses, including but not limited to attorneys' fees and costs of litigation, arising from any alleged negligence or breach of contract of BLA and Schwartz in respect to their reporting obligations under the professional liability policy issued by Wesco and the application for such policy.

14. The negligence and/or breach of contract of BLA and Schwartz as alleged by Wesco has caused Atlantech to incur legal fees and costs (i) defending the instant declaratory judgment action as incident to its demand for arbitration; and (ii) prosecuting Crossclaims against BLA and Schwartz for reimbursement of their attorneys' fees and costs.

**PRAYERS FOR RELIEF**

WHEREFORE, Atlantech asks that this Court grant the following relief:

a) Enter judgment in Atlantech's favor on Counts One and Two of the Crossclaims in the full amount of the legal fees and costs it incurs in defending the declaratory judgment action and prosecuting its Crossclaims in this action;

b)	Award Atlantech its legal fees and costs against Wesco should Wesco fail to prevail in the declaratory judgment action; and

c)	Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

  /s/Jessica Block_____
Jessica Block
BLOCK & ROOS, LLP
BBO#046110
10 High Street, Suite 905
Boston, MA 02110
Telephone:  (617) 223-1900
Facsimile:  (617) 227-1948
E-mail:  block@blockroos.com

*Counsel for Atlantech, Incorporated*

Dated:  December 15, 2014

## CERTIFICATE OF SERVICE

I, Jessica Block, do hereby certify that a true and accurate copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by First Class mail, postage prepared on December 15, 2014.

*/s/Jessica Block*_____
Jessica Block, BBO # 046110